UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA ZOUGARHI, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| RICHMOND COUNTY AMBULANCE SERVICE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Sonia Zougarhi, on behalf of herself and all others similarly situated, hereby alleges through her attorneys, Lipsky Lowe LLP, as against Defendant Richmond Country Ambulance Service, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges, on her behalf and other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law by (i) failing to pay overtime, (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment, and (iv) failing to timely pay wages.

2.      Plaintiff alleges, on her behalf and other similarly situated current and former employees of Defendant and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendant failed to pay them overtime premium pay.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C.

§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

6.      Plaintiff was, at all relevant times, an adult individual residing in Queens, New York.

7.      Upon information and belief, Defendant is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

8.      Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include pens, ambulances and medical equipment.

9.      Defendant, either directly or indirectly, hired Plaintiff and other employees, fired other employees, controlled Plaintiff's work schedule and employment conditions, determined her payment rate and method, and kept at least some records

regarding her employment.

10.     At any given time, Defendant has and has had more than 11 employees.

<u>STATEMENT OF FACTS</u>

11.     Defendant owns and operates a private ambulance service.

12.     From March 1, 2021 to March 1, 2023, Defendant employed Plaintiff as an Emergency Medical Technician ("EMT").[1]

13.     As an EMT, Plaintiff was responsible for, *inter alia*, transporting patients to and from dialysis appointments and doctors' appointments, and assisting other private ambulance companies.

14.     Throughout her employment, Plaintiff worked out of Defendant's Far Rockaway base.

15.     Plaintiff, in performing her duties, spent practically her entire shift doing physical labor.

16.     Plaintiff's regular work schedule while employed by Defendant was from 10:00 a.m. to 8:00 p.m. 4 days per week, with a 30 to 45-minute lunch break 1 to 2 days per week, totaling 38.5 to 39.5 hours per week.

17.     Plaintiff consistently worked hours beyond her regular schedule.

18.     However, during the first few months of her employment, Defendant required Plaintiff to work beyond her regular schedule: from 10:00 a.m. to 8:00 p.m., 1 day per week, and from 10:00 a.m. to 9:00 p.m. or 12:00 a.m., 3 days per week, with a 30 to 45-minute lunch break, 1 to 2 days per week, totaling 41.5 to 51.5 hours per week.

19.     After the first few months of her employment until March 2023,

---

[1] The date ranges are estimates based on Plaintiff's memory.

Defendant required Plaintiff to work from 10:00 a.m. to 9:00 p.m. or 12:00 a.m. 4 days per week, with a 30 to 45-minute lunch break, 1 to 2 days per week, totaling 42.5 to 55.5 hours per week.

20.    From March 2021 to May 2021, Defendant paid Plaintiff $15.50 per hour.

21.    From June 2021 to March 2023, Defendant paid Plaintiff $18.00 per hour.

22.    Defendant did not pay Plaintiff 1.5 times her regular rate of pay for the hours she worked above 40 per week.

23.    Defendant previously entered into a settlement agreement with the United States Department of Labor for not properly paying its employees. Despite that, it continued to unlawfully pay its employees.

24.    Defendant willfully disregarded and purposefully evaded the FLSA and Labor Law's requirements to pay Plaintiff overtime for the hours she worked above 40 per workweek.

25.    Throughout her employment, Defendant paid Plaintiff every two weeks.

26.    By delaying payment to Plaintiff, she was underpaid for the work she performed; she was deprived of money that she was owed and needed; the value of money, when eventually paid, is less than it would have been if it were timely paid; and she was not able to purchase everything she would have purchased if timely paid.

27.    Defendant refused to pay Plaintiff for her unused paid time off ("PTO") days at the time she separated from Defendant in March 2023.

28.    Defendant did not provide Plaintiff with the required Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1.

29.     Defendant did not provide Plaintiff with an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment because the pay stubs did not contain the accurate hours she worked.

30.     Defendant's failure to provide Plaintiff with the N.Y. Lab. Law § 195.1 notice and accurate wage statements deprived her of the information necessary for her to review her wages and hours worked and was a direct cause of her economic injury and, in fact, resulted in her wages being underpaid.

31.     If Defendant had complied with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and wage statements, Plaintiff would have been able to see that she was not being lawfully paid and would have been able to avoid underpayment of her wages.

32.     From speaking with them, Plaintiff knows that other EMT's were, like her, not paid overtime, were not paid weekly, and were not given the required Labor Law notices.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employ and have employed who are/were EMT's and other comparable positions at any time since March 17, 2019 (the "Class Members").

34.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole control, upon information and belief, more than 100 Class Members exist.

35.     Plaintiff's claims are typical of the Class Members', and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

36.     Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

37.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

38.     Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

39.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.      Whether Defendant employed Plaintiff and the Class Members within the meaning of the Labor Law;

b.      What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.      Whether Defendant paid Plaintiff and the Class Members overtime premium pay for the hours they worked in excess of 40 per week;

d.      Whether Defendant violated the Labor Law by failing to pay Plaintiff and the Class Members weekly;

e.     Whether Defendant failed to provide Plaintiff and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

f.     Whether Defendant failed to provide Plaintiff and the Class Members wages statements under Labor Law § 195.3;

g.     Whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

h.     Whether Defendant is liable for all damages claimed hereunder, including interest, costs and disbursements and attorneys' fees; and

i.     Whether Defendant should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

40.     Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employs and has employed who are/were EMT's and other comparable positions with different titles at any time since March 17, 2022 to the entry of judgment in this case (the "Collective Action Members").

41.     Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.     Defendant employed the Collective Action Members within the meaning of the FLSA;

b.     Collective Action Members performed similar duties;

c.     Defendant willfully or recklessly violated the FLSA;

d.     Defendant should be enjoined from such violations of the FLSA in the future; and

e.     The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

**FIRST CAUSE OF ACTION**
UNPAID OVERTIME UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

42.     Plaintiff realleges every preceding allegation as if set forth fully herein.

43.     Plaintiff consents, through counsel, to be a party to this action under 29 U.S.C. §216(b).

44.     Defendant employed, and/or continues to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

45.     At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the Collective Action Members overtime compensation for the hours they worked in excess of 40 per week.

46.     Defendant is aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

47.     Defendant did not make a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

48.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

49.    Due to Defendant's violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendant their overtime wages, statutory liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

50.    Plaintiff realleges every preceding allegation as if set forth fully herein.

51.    Defendant is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

52.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650, *et seq*.

53.    Due to Defendant's Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

54.    Plaintiff realleges every preceding allegation as if set forth fully herein.

55.    Defendant willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

56.     Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendant $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

<u>FOURTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

57.     Plaintiff realleges every preceding allegation as if set forth fully herein.

58.     Defendant has willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

59.     Due to Defendant's violations of Labor Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendant $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

<u>FIFTH CAUSE OF ACTION</u>
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(On Behalf of Plaintiff and the Class Members)

60.     Plaintiff realleges every preceding allegation as if set forth fully herein.

61.     Plaintiff and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

62.     As manual workers, Defendant was required to pay Plaintiff and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

63.     A temporary deprivation of money to which Plaintiff and the Class

Members are entitled constitutes a tangible injury that is cognizable under Article III.

64.     With Defendant paying Plaintiff and the Class Members every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

65.     For violating N.Y. Lab. Law § 191(1)(a)(i), Defendant is liable to Plaintiff and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class Members;

b.     Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.       An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.       An award for unpaid overtime under the FLSA and Labor Law;

f.       An award for untimely paid wages under the Labor Law;

g.       An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

h.       An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

i.       An award of liquidated damages as a result of Defendant's Labor Law violations;

j.       An award of liquidated damages as a result of Defendant's willful FLSA violations;

k.       Equitably tolling the statute of limitations under the FLSA;

l.       An award of pre-judgment and post-judgment interest;

m.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.       Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated:  New York, New York
        March 17, 2025

                          LIPSKY LOWE LLP

                          <u>s/ Douglas B. Lipsky</u>
                          Douglas B. Lipsky
                          Sara J. Isaacson
                          420 Lexington Avenue, Suite 1830
                          New York, New York 10170
                          212.392.4772
                          doug@lipskylowe.com
                          sara@lipskylowe.com

# EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendant Richmond County Ambulance Service, Inc. to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

_____     03 / 13 / 2025
Signature                                                  _____
                                                                 Date


Sonia Zougarhi
_____
Print Name

Doc ID: 4e976d3be51f16801cab4dfe746999042c3929fb